UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MARY KATHLEEN FRY,                    )
                                      )      No. CV-11-199-JPH
            Plaintiff,                )
                                      )      ORDER GRANTING DEFENDANT'S
                                      )      MOTION FOR SUMMARY JUDGMENT
            v.                        )
                                      )
                                      )
MICHAEL J. ASTRUE, Commissioner       )
of Social Security,                   )
                                      )
            Defendant.                )
                                      )

        **BEFORE THE COURT** are cross-motions for summary judgment. ECF
Nos. 12, 14. Attorney Lora Lee Stover represents plaintiff.
Special Assistant United States Attorney David J. Burdett
represents the Commissioner of Social Security (defendant). The
parties have consented to proceed before a magistrate judge. ECF
No. 6. After reviewing the administrative record and the briefs
filed by the parties, the court **grants** defendant's Motion for
Summary Judgment, ECF No. 14.

                            **JURISDICTION**

        Plaintiff protectively applied for supplemental security
income (SSI) on February 9, 2007, alleging disability as of May
21, 2004 (Tr. 98-101). The application was denied initially and on
reconsideration (Tr. 60-63, 67-68).

        Administrative Law Judge (ALJ) Moira Ausems held a hearing on
May 26, 2009 (Tr. 32-57). The ALJ issued an unfavorable decision
on August 12, 2009 (Tr. 16-25). On March 29, 2011, the Appeals
Council denied review (Tr. 1-7). The ALJ's decision became the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

final decision of the Commissioner, which is appealable to the
district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed
this action for judicial review on May 19, 2011. ECF No. 1, 4.

### STATEMENT OF FACTS

The facts have been presented in the administrative hearing
transcript, the ALJ's decision, and the briefs of the parties.
They are only briefly summarized here.

Ms. Fry was 39 years old when she applied for benefits (Tr.
24). She earned a GED and has no qualifying past work. She lives
with her two children, who were nine and twelve years old at the
time of the hearing (Tr. 37).

Fry testified she experiences constant back pain. As a result
she drives very little, shops with help, prepares easy meals and
can stand for ten minutes (Tr. 40-44). She watches movies (Tr.
50). Medication makes her drowsy. Fry had four injections but the
pain worsened. Physical therapy also did not help. Fry has been
told she is not a surgical candidate (Tr. 41, 45-46, 49-50).

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the
"inability to engage in any substantial gainful activity by reason
of any medically determinable physical or mental impairment which
can be expected to result in death or which has lasted or can be
expected to last for a continuous period of not less than twelve
months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also
provides that a plaintiff shall be determined to be under a
disability only if any impairments are of such severity that a
plaintiff is not only unable to do previous work but cannot,
considering plaintiff's age, education and work experiences,

engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th

Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At step one, ALJ Ausems found plaintiff worked after onset but earned less than the SSA considers substantial gainful activity (Tr. 18). At step two, the ALJ found plaintiff has the severe impairments of sacroiliac joint dysfunction with possible sacroiliitis and mild L5-S1 disc bulging with lumbar radiculopathy (Tr. 18). The ALJ found tenosynovitis and possible irritable bowel syndrome (IBS) are non-severe impairments (Tr. 19).

At step three, the ALJ found Fry's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 *Id*. The ALJ found Fry less than fully credible. She determined Fry could perform a range of light work and is limited to simple, routine tasks (Tr. 19-21). At step four, the ALJ found Fry has no past relevant work (Tr. 23). At step five, the ALJ concluded, based on vocational expert testimony, there are jobs that exist in significant numbers in the national economy that plaintiff could perform, including small product or electronics assembler and hand packer (Tr. 24). Accordingly, the ALJ concluded that plaintiff was not disabled as defined by the Act from February 9, 2007, the date the application was filed, through the date of the decision, August 12, 2009 (Tr. 25).

**ISSUES**

Plaintiff alleges the Appeals Council failed to properly credit medical reports dated sixteen months after the ALJ's decision. With respect to the ALJ, Fry alleges she erred

(1) at step two by failing to find additional impairments
    severe;

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

(2)   when she failed to properly weigh the medical evidence;

(3)   when she found plaintiff less than credible and assessed Fry's residual functional capacity; and

(4)   when she asked the VE an incomplete hypothetical.

(ECF No. 13 at 9).

Defendant answers that the decision is supported by substantial evidence, and asks us to affirm. ECF No. 15 at 6.

**DISCUSSION**

**A.  Plaintiff's credibility**

Fry alleges the ALJ's credibility assessment lacks convincing supporting evidence. ECF No. 13 at 15-17. Defendant responds that the ALJ cited evidence of (1) possible malingering noted by a treating physician, (2) daily activities in excess of claimed limitations, (3) inconsistent treatment, (4) inconsistent statements, and (5) a lack of objective findings. ECF No. 15 at 6-8.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Fry's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but her statements concerning the intensity, persistence and limiting effects of the symptoms were not credible (Tr. 21). Even without considering evidence of possible malingering, the ALJ's assessment is supported by clear and convincing reasons supported by substantial evidence.

Vivian Moise, M.D., first saw plaintiff for evaluation and treatment of chronic low back pain in August 2008 after referral by Fry's treating doctor, Timothy Ricthey, M.D. Dr. Moise referred Fry to physical therapy and asked her to return in about six weeks (Tr. 322-24). When Fry returned October 1, 2008, Dr. Moise learned Fry was unemployed and had been seeking disability benefits for about two years (Tr. 325). Dr. Moise said she would not fill out paperwork indicating Fry is disabled. Dr. Moise was "very concerned about secondary gain issues." She opined Fry could perform a range of sedentary to light work with a sit/stand option and occasional lifting limited to 25 pounds (Tr. 326). The ALJ notes Dr. Moise expressed concern that secondary-gain issues might make any benefit from treatment impossible (Tr. 22, 326). This is the evidence of malingering.

Fry failed to attend prescribed physical therapy as directed. The record shows she was frequently discharged and failed to follow through with prescribed home exercises. This led the ALJ to infer Fry's symptoms were not as severe as alleged since she was apparently not motivated enough to follow recommended treatment

(Tr. 21, 23; 175, 281, 327-337, 339, 342, 344, 440, 444, 456, 461). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

The objective medical evidence does not support the level of claimed limitation. In June 2006 treatment provider Jennifer Soriano, ARNP, reviewed lumbar and cervical x-rays. She found the results unremarkable with only a mild osteophyte formation seen in the thoracic film. Fry showed no sensation deficits and 5/5 strength in all extremities, normal gait, normal muscle tone and full range of motion in the cervical and lumbar spines (Tr. 21, 183-84). An MRI in August 2006 revealed only mild abnormalities (Tr. 298-99). Fry went to the ER in March 2009 for back and leg pain. Dr. Penaskovic diagnosed back pain and radiculopathy but found no objective medical evidence to support Fry's pain (Tr. 23, 479-80). Treating Dr. John Long, D.O., reviewed Fry's MRI, x-rays, bone scan and EMG results in February 2007. He stated

"I really do not have any good objective findings to support her pain complaints and her complaints of perceived disability ... in my opinion, she probably could work in some capacity..." (Tr. 186, repeated at Tr. 283). Dr. Long refused to see Fry again. He recommended Fry actively seek employment, quit smoking and participate in an ongoing therapeutic exercise program (Tr. 187). Dr. Moise also opined Fry is able to work, as the ALJ observes (Tr. 22, 326).

Treating doctor Ritchey is the only doctor who opined, in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

September 2008, plaintiff was unable to work (Tr. 348, 387). Dr. Ritchey opined at the same time Fry was limited to "sedentary activity" and limitations were likely to last six months (Tr. 348, 350, 387). The ALJ points out this opinion is inconsistent with Dr. Ritchey's note in June 2007 that there were not a lot of objective findings to account for Fry's physical complaints (Tr. 22-23, 236).

Plaintiff's daily activities are inconsistent with allegedly disabling limitations. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)(it is well-established that the nature of daily activities may be considered when evaluating credibility). Records show Fry went to a bar with friends, lifted a heavy box and a heavy bucket, walked and played with her dog, ran upstairs, worked part-time in November and December 2005, and attended classes. She shoveled snow. In July 2007 Fry indicated she could walk and stand for one hour and lift 20 pounds occasionally. She cared for two children as a single parent (Tr. 21-23, 148-50, 232, 242, 249, 256, 261, 270, 276, 337, 373, 435, 437, 461-62, 465).

By contrast, the ALJ notes plaintiff testified she can stand no more than ten minutes and "cannot lift anything." She testified the inability to sit for extended periods reduces her ability to drive. She cannot push a grocery cart, lift grocery bags, or put groceries away (Tr. 20).

After review the Court finds the ALJ's reasons for discounting plaintiff's subjective complaints are clear, convincing, and fully supported by the record. The ALJ did not err by finding Fry's subjective complaints less than fully credible. ///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

**B.  Step two and RFC**

Plaintiff alleges the ALJ erred by finding she has the RFC to perform a range of light work. Fry alleges the RFC is incomplete because the ALJ should have found at step two that she suffers from the severe impairments of irritable bowel syndrome (IBS) and "hand impairments and fibromyalgia" (ECF No. 13 at 12-15).

As the Commissioner points out, the ALJ considered treating doctor Timothy Ritchey, M.D.'s records. In September 2005 Fry reported she experienced hand pain for two months. Dr. Ritchey found no obvious joint swelling, only a little tenderness with bending and forced extension. He diagnosed tenosynovitis and prescribed a velcro wrist splint and medication. This seemed to resolve the issue because plaintiff did not follow up, and in November 2005 she worked in a restaurant (Tr. 18-19, 276, 278). The ALJ is correct that this condition does not meet the 12-month durational requirement (Tr. 19). The ALJ points out abdominal x-rays in May 2008 and March 2009 were negative for disease. No accepted medical source, as required by the Social Security regulations (20 C.F.R. §§ 404.1513, 416.913), has diagnosed Fry with IBS (Tr. 19, 428, 476).

Nor has any accepted medical source made a clear diagnosis of fibromyalgia. Dr. Moise stated plaintiff "does have symptoms of irritable bowel, and combined with generalized body pains, I am more convinced of the diagnosis of fibromyalgia." (Tr. 326). However, in the same report Dr. Moise opined plaintiff was capable of work (Id.). There are no pressure point (also called tender spot) test results in the record. *See e.g., Rollins v. Massanari*, 261 F.3d 853 n.4 (9th Cir. 2001)(rule of thumb is 11 of 18 points

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

for fibromyalgia diagnosis).

Error if any by the ALJ is clearly harmless. The ALJ took into account plaintiff's "perceived pain." The RFC limited Fry to simple, routine tasks in recognition of this limitation (Tr. 20).

Plaintiff alleges the ALJ's assessment of her residual functional capacity is flawed. This allegation simply restates the allegation that the ALJ failed to properly weigh the evidence, an allegation that is without merit. Plaintiff alleges the "medical records support that Plaintiff has had complaints" of pain and other conditions (ECF No. 13 at 14). The ALJ was not required to credit her properly discredited complaints.

Plaintiff alleges in passing the ALJ "ignored" limitations and improperly evaluated medical opinions (ECF No. 13 at 14). The court will not "consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *Miller v. Fairchild Indust., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986). Applying this standard, the Ninth Circuit has refused to address claims that were only "argue[d] in passing," *Brownfield v. Yakima*, 612 F.3d 1140, 1149 n.4, or that were "bare assertion[s] ... with no supporting argument," *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1079 n. 26 (9th Cir. 2008). The Court finds these broad allegations are without merit.

The substantial weight of the record supports the ALJ's RFC determination in this case. The ALJ's RFC determination and the hypothetical incorporating it are free of harmful legal error.

**C.  New evidence**

Fry alleges she presented "new and material evidence" to the Appeals Council. The new evidence is an MRI dated December 14,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

1    2010 and an operative report by neurosurgeon John Shuster, M.D.,
2    dated December 21, 2010 (ECF No. 13 at 11-12, citing Tr. 174[1]).
3    Defendant answers that the Appeals Council properly rejected this
4    evidence because it did not relate to the time period covered by
5    the administrative decision (ECF No. 15 at 11, citing 20 C.F.R. §
6    416.1476(b)(1) and Tr. 2). The Commissioner is correct. The ALJ's
7    decision is dated August 12, 2009. The evidence submitted is dated
8    December 2010 (Tr. 172-73). The Commissioner's regulations permit
9    claimants to submit new and material evidence to the Appeals
10   Council and require the Council to consider that evidence in
11   determining whether to review the ALJ's decision, *so long as the*
12   *evidence relates to the period on or before the ALJ's decision*.
13   *See* 20 C.F.R. §404.970(b); *Brewes v. Commissioner of Social Sec*.
14   *Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012)(emphasis added). As
15   the Appeals Council accurately pointed out, Fry has the option of
16   filing a new application alleging disability after the ALJ's 2009
17   decision (Tr. 2).

                              **CONCLUSION**

18   
19        Having reviewed the record and the ALJ's conclusions, this
20   court finds that the ALJ's decision is free of legal error and
21   supported by substantial evidence. Accordingly,
22        **IT IS HEREBY ORDERED:**
23        1. Defendant's Motion for Summary Judgment, **ECF No. 14,** is
24   **GRANTED.**
25        2. Plaintiff's Motion for Summary Judgment, **ECF No. 12,** is
26   **DENIED.**
27   
28        [1]Plaintiff's citation to Tr. 174 is plaintiff's counsel's
     three page letter to the Appeals Council dated January 21, 2011.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

1    **IT IS SO ORDERED.** The District Court Executive is directed to

2  file this Order, provide copies to the parties, enter judgment in

3  favor of Defendant, and **CLOSE** this file.

4    **DATED** this 26th day of November, 2012.

5

6                              S/ James P. Hutton
                            JAMES P. HUTTON
7                           UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14